Craig K. Perry, Esq.
Nevada State Bar. No. 3786
Craig K. Perry & Associates
2300 W. Sahara Avenue, Suite 800
Las Vegas, Nevada 89102
Phone: (702) 228-4777
Facsimile: (702) 943-7520

*Counsel for Plaintiff*
*[additional counsel for Plaintiff listed on signature page]*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
RENO DIVISION**

| | |
|---|---|
| CHRISTOPHER LACCINOLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GRANITE BAY ACCEPTANCE, INC.,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>CLASS ACTION COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

**<u>CLASS ACTION COMPLAINT</u>**

Plaintiff, Christopher Laccinole ("Plaintiff"), by counsel, hereby files his Class Action Complaint against Defendant Granite Bay Acceptance, Inc. ("Defendant"), and states as follows:

# INTRODUCTION

1. This is an action for statutory damages, punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA"). Unfortunately, this is the second time Defendant has forced Plaintiff to file a lawsuit against Defendant over its FCRA violations as discussed below.

2. Plaintiff is an individual and resides in Texas. The three national consumer reporting agencies – Equifax, Trans Union, and Experian ("CRAs") – all maintain credit files and issue consumer reports concerning Plaintiff. The information contained in Plaintiff's credit files and consumer reports is private.

3. Plaintiff is a "consumer" and Defendant is a "person" as those terms are defined, or otherwise used, by the FCRA. Defendant is a "user" of consumer reports as that term is used in the FCRA.

4. As set forth below, Defendant requested and obtained Plaintiff's consumer report, and, upon information and belief, the consumer reports of other consumers similarly situated ("Class" as defined in Paragraph 21 below), from one or more of the CRAs, including Trans Union LLC ("Trans Union"), without a permissible purpose under the FCRA (the "Impermissible Inquiry" or "Impermissible Inquiries"). Upon information and belief, Defendant requests and

obtains such consumer reports for the purposes of marketing debt relief services directly or through others.

5. As a result of Defendant's wrongful access to Plaintiff's consumer report, and those of the Class, as described herein, Plaintiff, and the Class, have suffered an invasion of privacy.

6. Plaintiff, and the Class, suffered concrete harm as a result of Defendant's violations of the FCRA.

**PARTIES, JURISDICTION, AND VENUE**

7. This is a class action brought under Fed. R. Civ. P. 23(a), (b)(1), (b)(3) and (c)(4).

8. At all times material to this action, Plaintiff was a resident of Texas.

9. At all times material to this action, Defendant was a Nevada corporation with its principal place of business located at 1781 Vineyard Drive, #222, Antioch, CA 94509. Defendant does business in this District.

10. Defendant may be served with a copy of this Complaint and accompanying Summons by serving its registered agent, to wit: Business Filings Incorporated, 701 S Carson Street, Ste. 200, Carson City, NV 89701.

11. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

12. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

13. Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

14. Plaintiff lives in Texas.

15. Plaintiff filed a prior lawsuit against Defendant, to wit: *Laccinole v. Granite Bay Acceptance, Inc.*, No. 3:25-cv-00268-ART-CLB (D. Nev.) ("First Lawsuit"). The First Lawsuit dealt with the impermissible pulls Defendant made of Plaintiff's consumer reports on or about March 14, 2019, May 9, 2019, July 5, 2019, September 5, 2019, October 18, 2019, August 15, 2020, October 15, 2020, December 9, 2020, September 14, 2022, October 27, 2022, December 22, 2022, February 16, 2023, August 2, 2023, February 28, 2024, April 28, 2024, and August 27, 2024 from Trans Union. See Complaint (ECF Doc. 1) in the First Lawsuit.

16. The parties participated in a Settlement Conference on July 17, 2025, July 18, 2025 and July 21, 2025. (First Lawsuit, ECF Docs. 35, 36, 37). The parties filed a Stipulation of Dismissal on August 22, 2025. (First Lawsuit, ECF Doc. 38). The First Lawsuit was dismissed on August 22, 2025. (First Lawsuit, ECF Doc. 39).

17. After the dismissal of the First Lawsuit, Defendant requested and obtained Plaintiff's consumer report from Trans Union again on September 30, 2025 and October 14, 2025. A copy of the relevant section of Plaintiff's Trans Union credit file reflecting these new requests made by Defendant is attached hereto as **Exhibit A**. Defendant requested and obtained Plaintiff's consumer reports for a so-called "promotional" offer of credit. Upon information and belief, Defendant obtained consumer reports on the other members of the Class. In the alternative, Defendant obtained one or more prescreened lists from Trans Union and/or the other CRAs concerning Plaintiff and the Class. Under the FCRA, such prescreened lists constitute consumer reports.

18. At the time Defendant requested and obtained Plaintiff's consumer reports as reflected on Exhibit A, and the consumer reports of the Class, Plaintiff, and the Class: (a) had not applied for credit with Defendant nor initiated any credit or business transaction involving Defendant; (b) had not applied for employment with Defendant; (c) had not applied for insurance with Defendant; (d) had not authorized Defendant to request and obtain their consumer reports for any reason; (e) did not have any open and/or closed accounts with Defendant; and (f) **did not thereafter receive any firm offers of credit from Defendant**.

19. Plaintiff diligently tracks his incoming mail and has searched his records for any firm offers of credit relating to Defendant's credit pulls described above and as reflected in Exhibit A and there are none. Plaintiff also subscribes to the United States Postal Service ("USPS") informed delivery email notification service whereby the USPS sends Plaintiff a daily email with images of the incoming mail he is to receive each day. Plaintiff has searched these email notices and there are no firm offers of credit from Defendant in them related to the credit pulls described above. Plaintiff has been particularly diligent in tracking his mail given the First Lawsuit.

20. Upon information and belief, Defendant represented to Trans Union and/or the other CRAs that Defendant had a permissible purpose under Section 1681b(a) of the FCRA to request and obtain Plaintiff's consumer report, and the consumer reports of the Class.

21. Defendant violated the FCRA by requesting and obtaining Plaintiff's consumer reports as reflected in Exhibit A, and the consumer reports of the Class, without a permissible purpose under the FCRA. Many other consumers have made

complaints with the Better Business Bureau[1] concerning such alleged conduct by Defendant.

**Initial Complaint**

**Date:** 01/06/2025 **Type:** Service or Repair Issues

**Status:** Answered

In checking my credit reporting, I found that this company - without my permission or knowledge - pulled my credit reporting information for promotional purposes. I understand a soft inquiry has no bearing on my credit score, but the company had pulled my report monthly for approximately a year without any contact or permission from me. I don't live in, or anywhere near, the state that this company services or operates in, nor have I ever contacted them. They did this recklessly and I would like it removed from my credit reporting regardless.

**Initial Complaint**

**Date:** 09/04/2024 **Type:** Service or Repair Issues

**Status:** Answered

This company is pulling credit checks on me when I have never even heard of them. When you ****** their name it seems like this is something they are doing to a number of people.

[1] *See* https://www.bbb.org/us/ca/antioch/profile/loans/granite-bay-acceptance-inc-1116-387347/complaints (last accessed May 5, 2025).

**Initial Complaint**

**Date:** 12/25/2022 **Type:** Sales and Advertising Issues

**Status:** Answered

Company ran a credit card inquiry without permission. Never had any business association with this company. Multiple online reviews stating similar complaints. Company needs to stop running credit inquiries without permission.

**Initial Complaint**

**Date:** 02/01/2023 **Type:** Service or Repair Issues

**Status:** Answered

This company performed an unsolicited promotional inquiry. I have never heard of this company and have certainly never requested or consented to this inquiry, and I can see that this company has a history of this kind of activity as well.

**Initial Complaint**

**Date:** 01/26/2023 **Type:** $ Billing Issues

**Status:** Answered

GRANITE BAY ACCEPTANCE C on 01/30/2022 pulled a Promotional Inquiry on my credit report. I don't live in CA and I have never heard of this company ever. Why are they pulling my credit?

22. Prior to the First Lawsuit, Plaintiff sent Defendant a letter inquiring about Defendant's improper access to his private consumer reports (the "Letter"). The Letter was sent to the address provided for Defendant on Plaintiff's Trans Union credit file(s), to wit: 1781 Vineyard Dr., #222, Antioch, CA 94509 (the "Address"). The Letter was returned as undeliverable by the United States Post

Office. Upon information and belief, Defendant does not maintain an office at the Address. Upon information and belief, Defendant has not notified Trans Union of any other, or valid, address that Trans Union should provide to consumers seeking to contact Defendant.

23. As a result of Defendant's violations of the FCRA, Plaintiff was required to retain legal counsel to assist him.

## CLASS ALLEGATIONS

24. Plaintiff brings this action, individually and on behalf of all similarly situated individuals, as members of the following class:

> All consumers within the United States for whom Defendant requested and obtained a consumer report on such consumer for the stated purpose of making a firm offer of credit within the two years prior to the filing of the Complaint through the conclusion of this case and to whom Defendant did not send such consumer a firm offer of credit. Excluded from the Class claims are any claims Plaintiff included in the First Lawsuit. Plaintiff's claims relate to the two new credit report pulls of September 30, 2025 and October 14, 2025.

25. The Plaintiff is a member of this Class. Specifically excluded from the Class are the following: (1) Defendant and any entity in which either has a controlling interest, and the officers, directors, employees, affiliates, legal representative, heirs, successors, subsidiaries, and/or assigns of any such individual

or entity; and (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family.

26. The members of the Class are so numerous that joinder is impracticable. Based upon information and belief, and the allegations above about Defendant's use or sale of consumer reports for marketing campaigns, numerous consumers have been victims of Defendants' scheme.

27. Common (identical) questions of law and fact predominate over any questions solely affecting individual Class members. Among such common questions of law and fact are the following:

A. Whether Defendant has systematically engaged in the long-term illegal practice of accessing and/or misusing consumer credit reports without a permissible purpose under the FCRA.

B. Whether Defendant knowingly and/or negligently accessed the Class members' consumer credit reports without a permissible purpose under the FCRA.

C. Whether Defendant knowingly and/or negligently resold the Class members' consumer reports to third parties that lacked a permissible purpose for them under the FCRA.

28. Plaintiff's individual claims are typical of the respective Class members' claims because the claims all share the same legal basis for recovery, the same predicate facts to liability, and the same basic relief sought. The Class claims are, in fact, identical.

29. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has no interest antagonistic to those of other Class members, and Plaintiff has retained attorneys experienced as counsel in class actions, consumer protection, and complex litigation. These attorneys will vigorously prosecute the class claims.

30. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons, among others:

A. Given the small size of individual Class members' claims (between $100 and $1000 in statutory damages) and the expense of litigating those claims (the cost of filing individual suit would likely exceed $100), few, if any, Class members could afford to, or would seek, legal redress individually for the wrongs Defendant has committed against them, and absent class members have no substantial interest in controlling the prosecution of individual actions. No such

individual actions in California are known to be pending as of the date of filing this Complaint.

B. When the liability of Defendant has been adjudicated, claims of all Class members can be administered efficiently and/or determined by the Court. This conclusion follows from, among other facts, the fact that all class members assert identical claims under the FCRA and seek identical relief. Moreover, the Class consists of a definite group of consumers over a finite period of time, making the efficient administration of claims post-certification and/or trial.

C. Based on these same facts, among others, the Class action will promote an orderly and expeditious administration and adjudication of this dispute. This class action will foster economies of time, effort, and resources. This class action will ensure uniformity of decisions. It is therefore desirable to concentrate the claims as a class action in this forum. Otherwise, numerous consumers whom Defendant mistreated under the FCRA will go without legal remedy.

D. Without this class action, the Class members will continue to suffer harm, and Defendant's unlawful conduct will be unaccounted for while Defendant continues to reap benefits of its unlawful activity.

31. No difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action. Indeed, those harmed by

Defendant can be readily identified through business records, including the very prescreened consumer lists and/or consumer reports at issue. Similarly, the proposed Class is objectively ascertainable by definite time, limited geography, and specific reference to records maintained by Defendant and the CRAs. Notice and claims administration can therefore be managed efficiently and accurately.

32. The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and/or (ii) adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Notice can be provided to members of the Class by regular U.S. Mail, among other means that satisfy due process and practical concerns.

**<u>COUNT ONE</u>:**

**Defendant's Willful Violations of the FCRA**

33. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

34. Defendant willfully violated the FCRA by knowingly, or recklessly, requesting and obtaining Plaintiff's consumer report, and those of the Class, without a permissible purpose set forth in Section 1681b of the FCRA. This is particularly true as to Plaintiff because Defendant was placed on notice of its wrongful conduct in the First Lawsuit and continued it after the First Lawsuit was dismissed.

35. As a result of Defendant's willful violations of the FCRA, Plaintiff, and the Class, have been damaged as set forth above including invasion of their privacy.

36. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Class for damages as set forth above and, in an amount, to be determined by the jury.

37. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Class for statutory and punitive damages as a result of its willful violations of the FCRA.

38. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Class for his reasonable attorneys' fees and costs.

## **COUNT TWO:**

### Defendant's Negligent Violations of the FCRA

39. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

40. Defendant negligently violated the FCRA by requesting and obtaining Plaintiff's consumer report, and those of the Class, without a permissible purpose set forth in Section 1681b of the FCRA.

41. As a result of Defendant's negligent violations of the FCRA, Plaintiff, and the Class, have been damaged as set forth above including invasion of their privacy.

42. Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff and the Class for damages as set forth above and, in an amount, to be determined by the jury.

43. Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff and the Class for actual damages as a result of its negligent violations of the FCRA.

44. Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff and the Class for his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests that this Court:

a. Appoint Plaintiff's counsel as counsel for the Class;

b. Appoint Plaintiff as representative for the class;

c. Certify the Class;

d. Enter judgment in favor of Plaintiff and the Class for actual damages, statutory damages, punitive damages, attorney's fees and costs; and,

e. Award such other relief to Plaintiff and the Class as the Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED.**

Dated: January 27, 2026.

Respectfully submitted,

*/s/Craig K. Perry*
Craig K. Perry, Esq.
Nevada State Bar. No. 3786
Craig K. Perry & Associates
2300 W. Sahara Avenue, Suite 800
Las Vegas, Nevada 89102
Phone: (702) 228-4777
Facsimile: (702) 943-7520

John A. Love*
**Love Consumer Law**
2500 Northwinds Parkway
Suite 330
Alpharetta, GA 30009
404.855.3600
tlove@loveconsumerlaw.com

Max S. Morgan, Esquire*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Counsel for Plaintiff*

**Pro Hac Vice Motion to be Filed*

# EXHIBIT A

002690407Q0000-PMVQ9A00100269

[redacted]

## Regular Inquiries

[redacted]

## Promotional Inquiries

[redacted]

**GRANITE BAY ACCEPTANCE C** ( 1781 VINEYARD DR. #222, ANTIOCH, CA 94509, (925) 208-0907 )
**Requested On:** 10/14/2025, 09/30/2025, [redacted]

[redacted]

**To dispute online go to: http://transunion.com/disputeonline**